DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

                                    )
**REEFCO SERVICES, INC.,**          )
                                    )
            Plaintiff,              )
                                    )   Civil No. 2014-110
            v.                      )
                                    )
**GOVERNMENT OF THE VIRGIN ISLANDS** )
**and VIRGIN ISLANDS BUREAU OF**    )
**INTERNAL REVENUE,**               )
                                    )
            Defendants.             )
                                    )

**ATTORNEYS:**

**Alexander Golubitsky, Esq.**
St. Thomas, U.S.V.I.
   *For the Reefco Services, Inc.,*

**Taylor William Strickling**
Marjorie Rawls Roberts, P.C.
St. Thomas, U.S.V.I.
   *For the Reefco Services, Inc.,*

**Denise N. George, AG**
**Carol Thomas-Jacobs, AAG**
V.I. Department of Justice
St. Thomas, U.S.V.I.
   *For the Government of the Virgin Islands and the Virgin
   Islands Bureau of Internal Revenue.*


                              **ORDER**

**GÓMEZ, J.**

    Before the Court is the motion of the Government of the Virgin Islands and the Virgin Islands Bureau of Internal Revenue ("VIBIR") (collectively, the "GVI") captioned "Emergency Motion to Lift Injunction." *See* ECF No. 98.

Under Virgin Islands law--specifically, 33 V.I.C. § 42 ("Section 42")--certain items imported into and manufactured in the United States Virgin Islands are subject to an excise tax, which is collected by the VIBIR. The excise tax is based on the "value" of a particular item, which Section 42 explains is "the cost price at which the [items] are purchased by or consigned to the taxpayer." 33 V.I.C. § 42(b). That cost price is then subjected to a five percent mark-up. The marked-up cost price is then taxed at the applicable rate for the item.

On December 16, 2014, Reefco filed a complaint against the GVI. On March 13, 2015, Reefco filed an amended complaint (the "Amended Complaint"). Relevant here, the Amended Complaint asserted that the excise tax violates the Commerce Clause.

On September 28, 2018, the Court entered Judgment in this matter. Analyzing the excise tax under the dormant Commerce Clause, the Court observed that, prior to 1984, Section 42 only provided for the payment of excise taxes on items being imported into the Virgin Islands. In 1984, the Government of the Virgin Islands amended Section 42 to require the payment of excise taxes on "all articles, goods, merchandise and commodities manufactured in or brought into the Virgin Islands." 33 V.I.C. § 42(a). Significantly, however, there were no procedural mechanisms in place to collect excise taxes on items

manufactured in the Virgin Islands. Moreover, it appeared from the record that the agency responsible for collecting excise taxes, the VIBIR, was unaware that Section 42 applied to locally manufactured goods.

Accordingly, the Court held that Section 42--as interpreted and enforced by the VIBIR--violated the Commerce Clause. The Court entered Judgment in favor of Reefco.

On October 12, 2018, the GVI filed a notice of appeal indicating that it was appealing the Court's September 28, 2018, Judgment and Memorandum Opinion. On October 19, 2018, the GVI moved to stay execution of the September 28, 2018, Judgment pending appeal.

On November 8, 2018, the Court held a hearing on the GVI's motion to stay. At the hearing, The GVI argued that, without a stay of the Court's judgment, it would suffer irreparable harm because it would be unable to collect excise taxes. However, later at that hearing and at a subsequent hearing on November 15, 2018, it became apparent that the GVI had not altered its excise tax collection procedures in response to the Court's Judgment. Rather, the GVI was continuing to collect excise taxes in the same manner that the Court's September 28, 2019, Judgment found to be unconstitutional.

At the conclusion of the November 15, 2018, hearing, the Court ruled from the bench and subsequently issued a written order (1) denying GVI's motion to stay; (2) enjoining the GVI "from collecting excise taxes in a manner inconsistent with the Court's holding in its September 28, 2018, Judgment"; and (3) directing the GVI to "advise the Court if and when it is prepared to collect excise taxes in a manner consistent with the Court's September 28, 2018, Judgment and Memorandum Opinion." *See* ECF No. 93 at 3.

In a November 26, 2018, memorandum opinion that more fully outlined the reasons for the November 15, 2018, order, the Court "recognize[d] that the GVI [wa]s currently developing additional collection procedures that may bring Section 42 into compliance with the Commerce Clause." ECF No. 96 at 31. To that end, the Court advised the GVI that the "Court may reconsider this injunction" if the GVI were to demonstrate that "it is prepared to collect excise taxes in a manner consistent with the Court's September 28, 2018, Judgment and Memorandum Opinion." *Id.*

On November 19, 2018, the GVI filed an amended notice of appeal, and on November 27, 2018, the GVI filed a second amended notice of appeal. The amended notices of appeal indicated that, in addition to appealing the Court's September 28, 2018, Judgment and Memorandum Opinion, the GVI was appealing the

Court's November 15, 2018, order and subsequent memorandum opinion.

On November 30, 2018, the GVI filed a document captioned "Emergency Motion to Lift Injunction." *See* ECF No. 98. The GVI asserted that the VIBIR would be prepared to collect excise taxes on locally manufactured goods on December 1, 2018. The GVI indicated that the VIBIR had identified licensed local manufacturers and sent them a letter "explaining the process for assessing, filing[,] and paying the local manufacturers excise tax." *See id.* at 3. That letter informed local manufacturers that they "are required to pay excise tax[es] on goods manufactured in the Virgin Islands, unless otherwise exempted." *See VIBIR Letter to Manufacturers*, ECF No. 98, Exh. 1 at 1.

The Court construes the GVI's November 30, 2018, motion to lift injunction as a renewal and extension of the GVI's October 19, 2018, motion to stay execution of the Court's September 28, 2018, Judgment. That is, the GVI seeks a return to the status quo that existed prior to the Court's orders declaring the collection of excise taxes unconstitutional and enjoining such collection.

To support its motion to stay the Court's injunction, on February 19, 2019, the GVI filed a document captioned "Notice of Filing of Approved Rules and Regulations for the Payment of

Excise Taxes for Manufacturers in the Virgin Islands." *See* ECF No. 112. The GVI attached to that document regulations outlining the procedure for collecting excise taxes on "items manufactured in the Virgin Islands." *See* ECF No. 112, Exh. 1 at 6.

Among other things, the proposed regulations provided that the "cost price"--i.e., "the manufacturer's cost to produce" an item--"will be used as the basis for the calculation of the excises taxes" assessed on manufactured items. *See id.* at 3. That cost price, which the regulations equated to an item's "value" under Section 42(a), was to be marked up by five percent and then taxed at the applicable rate.

This Court previously held that its authority to act after a notice of appeal has been filed is limited. When the GVI first sought a stay, the Court explained that, as a general rule,

> "'the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., 198 F.3d 391, 394 (3d Cir. 1999) (alterations omitted) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). "A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." United States v. Rodgers, 101 F.3d 247, 251–52 (2d Cir. 1996).

*Reefco Servs., Inc. v. Gov't of Virgin Islands*, No. CV 2014-110, 2018 WL 6173878, at *10 (D.V.I. Nov. 26, 2018). At the same

time, the Court recognized that a stay could be considered if certain conditions were met.

> "[T]he standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction." *Conestoga Wood Specialities Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013). When considering Rule 62(c) motions, district courts consider four factors:
>> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.
>
> *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987)).

*Id.* at *4.

Significantly, the party seeking such a stay is required to satisfy certain conditions in order to obtain such relief. The GVI, just as it failed to do so when it first asked for a stay, now fails to offer a basis to lift or stay the injunction.

On April 3, 2019, the Court held an evidentiary hearing on the GVI's motion to lift the injunction. At that hearing, the Court heard testimony from Glenford Hodge ("Hodge"), the supervisor of the Excise Tax Office in the VIBIR. Hodge outlined two different bases for excise tax collection--one for locally manufactured goods and a different one for goods manufactur3ed outside of the territory. Hodge testified that, for imported

items, an excise tax is assessed on "the cost to the importer," or the "sale price." *See* ECF No. at 46:2-3. For locally manufactured items, Hodge testified, the "cost price" is the "cost of putting [a] product together." *Id.* at 40:20-21. In an attempt to clarify, the Court had the following exchange with Hodge:

> THE COURT: [When assessing the "cost price" for an imported item], you are not asking the question, what is the cost to the manufacturer? You're asking what is the sale price paid by the person or entity in the Virgin Islands plus five percent and using that as the basis; is that correct?
>
> THE WITNESS: Yes.
>
> THE COURT: You're not asking, for instance, of the manufacturer of the battery what's the cost for the lead cells, for the acid, what is your overhead? You're not trying to assess that; is that correct?
>
> THE WITNESS: No.
>
> THE COURT: As I understand it, for Virgin Islands manufacturers what you are doing is you're saying to the manufacturer what is your cost, your overhead, the cost of your materials to manufacture? . . . [C]orrect?
>
> THE WITNESS: Yes.
>
> THE COURT: You're asking what's the cost, labor, overhead, et cetera, correct?
>
> THE WITNESS: Yes.

*Id.* at 48:12-49:7.

The Court's September 28, 2018, Judgment declared that Section "42--as interpreted and enforced by the [VIBIR]--

violate[d] the Commerce Clause" because the excise tax favored local manufacturers of goods over non-local manufacturers of goods. The GVI's new taxation scheme as evidenced by the regulations and the testimony of Hodge still treats local manufacturers differently than non-local manufacturers. For imported items, a tax is assessed on the purchase price, that is the cost to the buyer. For local items, a tax is assessed on the manufacturing expense, that is the cost to the manufacturer. Ordinarily, manufacturers are engaged in business to make a profit. To that end, they usually sell the things they make for more money than it costs to make them. Accordingly, under the new proposed taxing scheme, imported items would generally be subject to higher excise taxes than comparable local items.

The new proposed scheme continues to discriminate against interstate commerce in its effect. *See, e.g.*, *Halliburton Oil Well Cementing Co. v. Reily*, 373 U.S. 64, 70 (1963) (finding violation of commerce clause where a use tax was assessed on the full value of certain equipment manufactured outside of Louisiana when the same equipment manufactured in Louisiana would have only been assessed a tax on the value of raw materials used). The GVI has provided no argument or evidence showing that the differential determination of "cost price" for imported and local items is necessary or that the collection of

excises taxes on both imported and local items could not be accomplished "as well by available nondiscriminatory means." *Cloverland-Green Spring Dairies, Inc., v. Pennsylvania Milk Mktg. Bd.*, 462 F.3d 249, 261 (3d Cir. 2006). As such, the Court finds that, as of the April 3, 2019, hearing, the GVI has failed to make a strong showing of a likelihood of success on the merits. With respect to the other factors that the Court must consider when weighing a motion to lift or stay an injunction, in the Court's view, those factors are similarly unchanged from what the Court found in its November 26, 2018, opinion.

The premises considered, it is hereby

**ORDERED** that the GVI's Emergency Motion to Lift Injunction docketed at ECF Number 98 is **DENIED.**

S\_____
**Curtis V. Gómez
District Judge**